CONTINENTAL LUMBER & TIE CO. v. WILROY.

(Court of Civil Appeals of Texas. Galveston. Oct. 22, 1912. On Motion for Rehearing, Nov. 21, 1912.)

1. CONTINUANCE (§ 26*) — DISCRETION OF COURT.

Defendant caused depositions to be taken, which were duly returned to the district clerk on November 16, 1910, during the November term of court. About May 8, 1911, defendant's counsel discovered that the depositions could not be found in the district clerk's office, and wired to the notary taking them, who informed counsel that the depositions had been mailed to the clerk as instructed, whereupon defendant applied for a continuance for want of such depositions, stating the facts. A previous continuance had been granted for another cause. The depositions were merely cumulative of evidence given somewhat fully at trial. *Held*, in view of counsel's delay in not inquiring whether the depositions had been returned, that there was no abuse of discretion in overruling the application for a continuance.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

2. CONTINUANCE (§ 51*) — SECOND APPLICATION.

It is within the sound discretion of the court to grant or refuse a second application for a continuance, which is not strictly a statutory application.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 69, 79, 85, 87, 88, 118, 128, 130, 132, 135, 141, 147; Dec. Dig. § 51.*]

On Motion for Rehearing.

3. COURTS (§ 116*)—RECORDS—JURISDICTION—IN VACATION.

An order of the judge, made in vacation, after trial and adjournment of court, incorporating certain depositions in the record, was without authority and ineffectual for that purpose.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 369–373; Dec. Dig. § 116.*]

4. CONTINUANCE (§ 26*)—DILIGENCE.

If defendant's counsel were advised by letter in November, 1910, from the notary public, who took depositions for use at trial, that the depositions had been taken and mailed to the clerk of court, counsel could assume that the depositions were on file, and were not guilty of a lack of diligence in not inquiring until the time of trial, in May, 1911, as to whether the depositions were on file, so as to preclude them from moving for a continuance because of their loss, first discovered at the trial.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

5. APPEAL AND ERROR (§ 671*) — PRESENTATION BELOW.

An appellate court is only required to pass upon the action of the trial court as shown by the record, so that, in determining whether an application for a continuance was properly overruled, it can only consider the facts stated in the application, as shown by the trial court's record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

Appeal from District Court, Angelina County.

Action by Joe Wilroy against the Continental Lumber & Tie Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Mantooth & Collins, of Lufkin, and Lane, Wolters & Storey, of Houston, for appellant. W. J. Townsend, Jr., of Lufkin, for appellee.

REESE, J. This suit was instituted in the district court by Joe Wilroy against the Continental Lumber & Tie Company to recover a debt alleged to be owing to plaintiff by defendant, being the contract price for a lot of ties sold by plaintiff to defendant. The defense was that a large portion of the ties were not first-class ties, as were contracted for. A trial with a jury resulted in a judgment for plaintiff for $1,121.97, from which this appeal is prosecuted.

[1] There are three assignments of error in the brief of appellant, all presenting the same question, to wit, the error in overruling appellant's application for continuance. No question is raised on the facts by the assignments. As appears from the bill of exceptions, the application for continuance was

the second application made by appellant. The facts pertinent to the question, as shown by the bill of exceptions and the record, are as follows: The suit was instituted by filing the original petition on the 19th day of February, 1910. It does not appear when service was had on defendant; but it filed its original answer, presenting a valid and meritorious defense, on May 5, 1910. The terms of court in the county began on the first Mondays in May and November, respectively. It does not appear why the case was continued at either the first or second terms; but at one or the other of them the case was continued on the application of the defendant, as shown by the fact that the application for continuance under consideration, made at the May term, 1911, was its second application. In June, 1910, appellant had an inspection made of the ties by William Blair and A. T. Thompson at Clifton, Ariz., to which point they had been shipped, and in June, 1910, at the same time, it had certain photographs taken of some of the ties. About the 12th of November, 1910, appellant filed interrogatories to Blair, Thompson, and Dunlap, and had their depositions taken in answer thereto. The depositions were duly returned to the district clerk on November 16, 1910, which must have been during the November term of the court. About May 8, 1911, counsel for appellant discovered that these depositions could not be found in the district clerk's office, and on that day they wired to the officer to whom the commission had been sent, inquiring whether the depositions had been returned. The telegram states that the case was then on call. In reply to this message the officer wired that the depositions had been mailed as instructed. The case being called for trial, appellant made application in the usual form for continuance for want of these depositions, stating the facts about their taking and return, and attaching to the application, as part thereof, a copy of the answers, which we presume had been procured from the officer, who stated in his message that he had such copy. The testimony was material to the defense set up in the answer. The photographs were attached to Dunlap's deposition. The application was made and overruled on May 12, 1911. After the adjournment of the May term of court the depositions were found in a box in the district clerk's office, unopened. After stating the facts with regard to the taking, return, and loss of the depositions, the application states in the usual form that it was not made for delay, and that the testimony could not be procured from any other source. It is shown by the depositions of these witnesses that George A. Wagstaff and George M. Coale were present when the inspection referred to in Arizona was made, and participated therein; Coale being an officer of appellant, and Wagstaff a tie inspector for the railway company

to whom the ties had been contracted to be sold. On the trial Wagstaff testified by depositions; his testimony being substantially the same as that of Blair and Thompson. Dunlap seems to have testified only as to the photographs taken by him. Coale appeared in person and testified for appellant on the trial, at considerable length and very fully, and in substance to the same effect as Blair and Thompson.

[2] The above are the material facts to be gathered from the record. The application being the second one, and not strictly a statutory application, it was within the sound discretion of the court to grant or refuse it. We think the record shows such want of diligence on the part of appellant as justifies the action of the court. At least, we cannot say that his action was such an abuse of his discretion as would authorize this court to reverse the judgment, in the circumstances stated. It will be seen that appellant made no inquiry as to the return of the deposition from November 16th, when they were returned and filed, until the case was called for trial on May 8, 1911. They had not even been opened. It seems to us that the most ordinary diligence, in the circumstances, the case having been once continued on its application, required appellant to learn whether these depositions had been taken and returned, at least after the lapse of a reasonable time for doing so. If such inquiry had been seasonably made, it would have disclosed the loss of the depositions in ample time for appellant to have again filed interrogatories and taken the depositions. If it be urged that the missing photographs could not have been again procured, that is no answer, because the continuance, if granted, could not enable appellant to do so. While we cannot agree with appellee that the mere fact that the testimony is merely cumulative of that of Wagstaff and Coale, and several other witnesses who testified for appellant as to the character of the ties, would of itself justify the overruling of the application, in case proper diligence had been shown, still this fact must also be taken into consideration in determining whether there has been an abuse, or a proper exercise, of discretion on the part of the trial court.

We are of the opinion that the assignments of error present no grounds for reversal, and the judgment is therefore affirmed.

### On Motion for Rehearing.

[3] On motion for rehearing appellant insists strenuously that the opinion in this case imposes upon attorneys duties entirely too onerous, and that it would require of them, in the exercise of proper diligence, to keep track, by daily inquiry of the clerk, of important papers filed in the case. If this be the effect of the opinion, it is clearly wrong; and if we thought that it was susceptible of

such construction, it would be promptly withdrawn, and this motion granted. It is not necessary here to restate the facts as they were made to appear to the trial court in the motion for a continuance. We may say here that, as the depositions were not found until after the notice for continuance had been overruled, the case tried, and the court adjourned, there is no way that we know of by which this fact could be incorporated in the record or considered by us on this appeal. The order of the judge, made in vacation, directing the depositions, together with the fact with regard to their having been found, to be incorporated in the record, was made without authority. It is not an order of the court.

[4] But, aside from this, counsel for appellant, in this motion for a rehearing, show that in fact the notary who took these depositions advised them by a letter of date November 12, 1910, which was the day the depositions were taken, and which letter was promptly received by them, that the depositions had been taken, and had been that day mailed to the clerk. The letter, which is appended to the motion, also states that copies of the answers are inclosed. This puts an entirely different aspect upon the question of the diligence of counsel. Having been advised that the depositions had been taken and returned, and having copies of the answers, counsel for appellant could safely assume that they were on file with the papers of the case, and their failure to inquire for them, in these circumstances, until they were needed on the trial, was the exercise of proper diligence. Certainly an attorney, who has once informed himself that depositions have been taken and filed, has a right to assume that they will be safely kept by the clerk, and is not required by subsequent inquiry to keep himself informed whether the papers have been lost or mislaid, unless there be some special circumstance, not present in this case, to call for such inquiry. Now this is the case made by the motion for rehearing. Appellants had a copy of the answers, and therefore did not need to cause the depositions to be opened until needed at the trial, unless there was some informality in their taking and return, which could only be discovered by inspection. But no such thing appears to be present here.

[5] But can these facts, now shown for the first time, avail appellants? We are called upon to pass upon the action of the trial court. The appellee is required to respond to such errors as are assigned, upon the record as presented. If the trial court erred in overruling the application for continuance, a new trial should be granted. But how can we say that the trial court erred, unless such error is shown by the record in that court. The case presented by the application for continuance is shown by the opinion. No reference is made to the fact that appel-

lant's counsel had been advised by the notary on November 12th that the depositions had been taken and returned, and that a copy of the answers had been then sent to them; but, on the contrary, the application has attached to it the telegram received from the notary on May 8th, when the case was on call, in reply to a telegram from counsel to the notary, making inquiry as to whether the depositions had ever been taken and returned. It is stated in the motion filed May 12, 1911, that "defendant has reason to believe and does believe that the depositions of said witnesses were taken on the 12th day of November, 1910, at Clifton, Ariz., and duly returned into this court." There is attached to the motion the following telegrams:

"May 8, 1911.

"To T. B. Inglis, Clifton, Ariz.: Did you return depositions to Lufkin, Texas, in case Joe Wilroy v. Continental Lumber & Tie Company. Attorneys there report they have not been received. Case on call. Please answer immediately."

"Your wire received depositions in case of Wilroy versus Continental Company mailed to Lufkin, Texas, as you instructed have duplicate on file if you want it.

"T. B. Inglis."

There is no reference in the application to the most important fact, as showing diligence on the part of appellant's counsel, that they were relying upon the information conveyed to them by the letter of November 12, 1910, that depositions had been taken and returned, and a copy of the answers then received by them. There was sufficient time from the date of the telegrams of May 8, 1911, to the date of the application, May 12, 1911, for the notary to have sent to appellant's counsel the copy of the answers which he then advised them he had.

It was a reasonable conclusion—in fact, the only reasonable conclusion—to be drawn from the facts stated in the application for continuance that after mailing the interrogatories and commission to the notary, about November 12, 1910, appellant made no further inquiry even to learn whether the interrogatories had been received by the notary, or whether they had been taken and returned, until six months later, when the case was actually on call for trial. This is the case presented to the trial court, and to this court, by the record on submission, and by the briefs. The actual facts, as presented by the motion for rehearing, may—in fact they do, in our opinion—exonerate appellant's counsel from any charge of negligence, or want of diligence, in their failure to sooner learn of the loss of the depositions in the clerk's office. But these facts are presented for the first time on this motion for rehearing. How can we say that, in the light of these facts, the trial court erred in overruling the application for continuance, or that

this court erred in its former holding? It is not fair to the trial court, nor to appellee. If these facts had been properly urged in the motion for continuance, we must assume that the continuance would have been granted, which would have resulted in a delay of six months in the trial. Is it fair to appellee that he should be made to bear the additional burden of a further delay of 18 months, occasioned by the failure of appellant to set up these facts, now urged, in the application for continuance? We think not. We have gone into this matter at what may appear to be unnecessary length, in view of the entirely erroneous construction placed upon our opinion by counsel for appellant.

The motion for rehearing is overruled.